UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMI N.I. TAWFIK, ALI M.A.K. HADAD, TAREK T.A.N. YOUSSEF, NOUR E.D.A.N.E. MAHMOUD, MOHAMMED B.A. ELSNAHOURY, ATEF S.M. FARAGALLAH, MOHAMMED F.M. FARGHALY, TAMER F.M. FARGHALY, AHMED A.A. SOBHI, KHALEFA A.H.A.H. MOHAMMED, MOSAAD H.A. ELFATAYRI, MOHAMMED G.F. IBRAHIM, WALID N.A.A. HASAN, MOSTAFA S.K. HARIZ, AHMED A.A.E. DIAB, AHMED M.M. MAHMOUD, MOHAMMED A.F. FARAG, ALI S.A. MOHAMMED, MOHAMMED N.M. GHANEM, FAHD ABBAS REDA ABD ALAAL, and ROMANY SHEHATA MALEK FARAGALLAH,

Plaintiffs,

- against -

SHEIKH NASSER SABAH AL-AHMED AL-SABAH, SHEIKH JABER KHALID AL-JABER AL-SABAH, ABDALLAH ALI AL-KANDERY, and AHMED MOKHALAF AL-ANZY,

Defendants.

13 Civ. 4923 (ALC) (JCF)

REPORT AND <u>RECOMMENDATION</u>


USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
5/12/15

TO THE HONORABLE ANDREW L. CARTER, U.S.D.J.:

The plaintiffs, Kuwaiti supporters of the pro-democracy movement in Egypt, have brought an action under the Torture Victim Protection Act and the Alien Tort Claims Act alleging that they were unlawfully detained and tortured by the defendants, acting on behalf of the Kuwaiti government, as a result of their political activities. The complaint was filed on July 16, 2013. After five

months had passed without any indication that service had been effected, I issued an order dated December 17, 2013, directing plaintiffs' counsel to submit a letter by January 31, 2014, and each month thereafter advising me of steps taken to accomplish service. Counsel complied, routinely advising me of ongoing settlement efforts, undertaken largely through diplomatic channels. They did not, however, indicate that any attempt had been made to actually serve any defendant. Accordingly, I issued an order dated March 2, 2015, requiring counsel to advise me within thirty days of any reason the case should not be dismissed. In response, plaintiffs' counsel described settlement efforts but again did not identify any progress in effecting service.

Generally, "[i]f a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The 120-day time limit "does not apply to service in a foreign country . . . ." Fed. R. Civ. P. 4(m). However, this exception "does not apply if . . . the plaintiff did not attempt to serve the defendant in the foreign country." Usha (India), Ltd. v. Honeywell International, Inc., 421 F.3d 129, 133-34 (2d Cir. 2005). Thus, dismissal is warranted where a plaintiff takes no action to effect service in a foreign

country within 120 days of the filing of the complaint. See id.; Moreira v. Ministerio de Economica y Produccion de la Repulica Argentina, No. 10 Civ. 266, 2011 WL 7555323, at *4 (S.D.N.Y. April 18, 2011); In re South African Apartheid Litigation, 643 F. Supp. 2d 423, 432-33 (S.D.N.Y. 2009); In re Vivendi Universal, S.A. Securities Litigation, No. 02 Civ. 5571, 2009 WL 691920, at *1 (S.D.N.Y. March 17, 2009); Thayer v. Dial Industrial Sales, Inc., 85 F. Supp. 2d 263, 266 n.1 (S.D.N.Y. 2000).

That is the case here. This action has been on the docket almost twenty-two months, and the plaintiffs have taken no steps to effect service. Instead, they have used the case as a placeholder while they attempt an extrajudicial resolution of their claims. That is not an appropriate use of the courts. I therefore recommend that the complaint be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Andrew L. Carter, Room 435, 40 Foley Square, New York, NY 10007, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
May 12, 2015

Copies transmitted this date:

Sheldon B. Rothbell, Esq.
Rothbell & Fountain
6 Split Rail Lane
East Setuaket, NY 11733-1835